# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20362
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN LOYA-PLANCARTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-297

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Gabriel Loya-Plancarte, also known as Martin Loya-Plancarte, appeals the sentence imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and one count of aiding and abetting the same. He asserts that the district court erred by increasing his sentence under U.S.S.G. § 3B1.1(b) for his role as a supervisor or manager of others in the criminal activity. Ample evidence,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

including the unrebutted facts recited in the presentence report, establish that Loya-Plancarte provided drug samples and instructions to two fellow conspirators and that he supervised their activities during a drug transaction. Loya-Plancarte fails to show that the district court clearly erred by applying this increase. *See United States v. Curtis*, 635 F.3d 704, 720 (5th Cir. 2011).

Primarily, Loya-Plancarte asserts that his sentence was substantively unreasonable because the district court improperly applied the sentencing factors of 18 U.S.C. § 3553(a). Although review is for plain error, *see United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), Loya-Plancarte's challenge fails under the usual abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Because the sentence was within the correct guideline range, it is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Loya-Plancarte argues that his sentence is not entitled to a presumption of reasonableness because the drug-trafficking Guidelines lack an empirical basis. Such "empirical basis" arguments are foreclosed, as he concedes. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Otherwise, Loya-Plancarte asserts that the sentence was greater than necessary to provide just punishment, to provide adequate deterrence, and to protect the public. He also argues that the court gave inadequate weight to his personal history, particularly his expected deportation from the United States. In addition, Loya-Plancarte argues that the court was subtly swayed by the Government's fixation on capturing a drug-trafficking boss named Dionicio Loya-Plancarte, though the record offers nothing to support this fanciful suggestion.

No. 14-20362

Ultimately, Loya-Plancarte merely asks us to substitute his assessment of the sentencing factors for the district court's, which is directly contrary to the deferential review dictated by *Gall*.  *See Gall*, 552 U.S. at 51.  Loya-Plancarte's disagreement with the sentence does not rebut the presumption of reasonableness.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  He has not shown that his sentence was unreasonable or plainly erroneous.  *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92.

The judgment is AFFIRMED.